IsSOL GOTHARD, Judge.
Plaintiff Powell Insurance Agency, Inc. (Powell), appeals a judgment of the trial court that denied its request for preliminary injunction against defendant Michael Dirmann on the basis of an employment contract. For reasons that follow, we affirm.
Powell and Dirmann entered into a “Producer Agreement” on November 1, 1997 whereby Powell employed Dirmann to “service and sell insurance accounts.” On November 1, 2000, the parties entered into an “Independent Agent Agreement” which superseded and terminated “all previous contract, agency, solicitor and/or producer agreements, whether oral or written, between the parties.” That agreement contained a non-compete clause.
According to the “Petition for Damages and Injunctive and Declaratory Relief’ filed by Powell, the agreement between the parties was terminated on March 31, 2002 by Powell for cause. Powell asserts that after Dirmann was terminated, he “contacted customers of Powell and solicited these customers to transfer their insurance business to other agencies outside the Agreement.” As a result of the filing of the petition, a rule to show cause why a preliminary injunction should not issue to Dirmann “restraining, enjoining and prohibiting him, hhis agents, employees, and all persons, firms or corporation acting or claiming to act on his behalf, or in concert with him from contracting, soliciting, writing, clients, customers, accounts of, or using the property of Powell Insurance Agency, Inc. during the pendency of these proceedings.”
Powell argues that Dirmann is soliciting clients from lists that are the “sole property of Powell,” in violation of the non-compete clause of the 2001 agreement. Powell maintains that a list of clients, complete with the type of insurance coverage provided and the expiration dates, termed a “book of business” was established before the 2001 agreement was executed and became the property of Powell by the terms of the 2001 agreement. Powell further asserts that, when Dirmann’s employment *957 was terminated with Powell, he was bound by the non-compete agreement not to solicit any clients in the book of business.
Dirmann argues that under the terms of the 2001 agreement, the book of business remained his and the restrictions of the non-compete clause were inapplicable to these clients.
At the hearing the trial court heard testimony from Michael Dirmann who stated that he was originally employed by Powell as an insurance agent and employee of the company in 1997. However, his status changed from employee receiving a W-2, to an independent producer being paid on a 1099 with the new contract signed in 2001. He further explained that with the new contract he was allowed to sell or solicit for any other agency broker in any parish or any territorial designation with some limitations described in the agreement. In conclusion, he stated that under the 1997 agreement he was an exclusive agent and employee of Powell; but, with the 2001 agreement his status changed to that of independent agent. Under the new agreement, he was not the exclusive agent or employee of Powell. Dirmann went on to explain his understanding of the non-compete clause, and testified that he had not breached the agreement. The clients he solicited were | ¿individuals in his book of business and not the businesses prohibited by the agreement.
Stephanie May, a manager for Powell also testified at the hearing. She presented a list of names of insureds on which change of agent of record letters were received, changing the agent from Powell to the new agency represented by Dir-mann. Ms. May admitted that some of the names on the list included Mr. Dirmann, his family and friends and were included in his book of business.
After considering the testimony and the terms of the agreement, the trial court denied the request for a preliminary injunction.
This court has recently discussed the showing necessary to obtain a preliminary injunction in Tri-Millennium v. Jena Band of Choctaw, 98-612, 98-532 (La.App. 5 Cir. 12/16/98), 725 So.2d 533; writ denied 99-0547 (4/9/99), 740 So.2d 637:
LSA-C.C.P. article 3601 provides that a preliminary injunction may be issued during the pendency of an action for a permanent injunction on a prima facie showing that the petitioner will prevail on the merits and that the potential losses are those for which money damages are inadequate or are incapable of measurement by pecuniary standards. In order to obtain a preliminary injunction, a plaintiff must show that he will suffer irreparable harm if the injunction is not granted, that he is entitled to relief sought, and he must make a prima facie showing that he will prevail on the merits.
(Citations omitted)
Id., 725 So.2d at 534-535
The basis for the request for the preliminary injunction is Powell’s claim that Dir-mann breached the non-compete clause of the 2001 agreement. It is clear from the trial court’s oral reasons for judgment that it found the agreement, and the arguments presented by Powell based on the agreement, did not support a prima facie showing that it would prevail on the merits.
The 2001 agreement, written by Powell, states that:
Powell hereby contracts Mike Dirmann to service and sell insurance accounts, which accounts and expirations pertaining thereto are and shall be the sole property of Powell, and to service his existing book | Bof business (see attached *958 Exhibit 1) with Powell, on the following terms and conditions.
Exhibit 1 referred to in the agreement is attached to the agreement and contains a list of names of insureds which constitute Mr. Dirmann’s book of business. Some of the insureds Powell used as a basis for the lawsuit are listed in this exhibit. The non-competition/non-solicitation clause contained in the agreement, which is numbered as paragraph 11, restricts Dirmann from engaging in any business activities as listed in paragraph 1 titled, “Solicitation for Powell” for a period of two years after termination of the agreement.
Paragraph 1 entitled “Solicitation for Powell” referred to in the non-compete clause of the agreement reads in pertinent part as follows:
Mike Dirmann does hereby agree to solicit applications for Commercial Lines, Property, Casualty, Group, Life, Disability, Health, Third Party Administration Services including but not limited to Risk Management, Claims Administration, Safety and Loss Control by and on behalf of Powell alone for areas listed below and to the exclusion of his individual account, all other insurance companies or agencies and other sellers of insurance, for and from the following types of customer businesses and market areas: restaurants, supermarkets, grocery stores, farms, horse/equine businesses, municipalities, sheriff offices, governmental bodies or agencies, H & H Trucking and Oak Haven Farms. P/A may solicit for any other broker or agent but only for or from any type of customer, business, or market areas not listed above in this paragraph and accordingly the provisions of Section 11 herein shall only be applicable to the markets listed above in this paragraph.
(Emphasis added)
Using the standard for the issuance of the preliminary injunction, we agree with the trial court that there is no prima facie showing that the non-compete clause was breached. The plain language of Paragraph 1 of the agreement attaches the non-compete clause of the contract only to the “markets listed above in this paragraph.” Markets listed in that paragraph are, “restaurants, supermarkets, grocery stores, farms, horse/equine businesses, municipalities, sheriff offices, governmental bodies or agencies, H & H Trucking and Oak Haven Farms.” There is no mention of the book of business attached to the agreement as Exhibit 1.
| r,The testimony and documentary evidence produced at the hearing on the issuance of the preliminary injunction do not indicate that Dirmann has solicited any business in any of the restricted market areas. The examples used by Powell to support the preliminary injunction are from the book of business which is not restricted by the non-compete agreement. Accordingly, we find no error in the judgment of the trial court denying the preliminary injunction.

AFFIRMED.